IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DONALD BROWN,**

    **Plaintiff,**

v.                                                                          **Civil Action No. 3:07cv61**
                                                                                  **(Judge Bailey)**

**JAMES SPENCER,**
**CHARLES MIDCAP,**
**JOSEPH STOCKLASK,**
**ROY WOODS, Jr.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I. Procedural History

On May 14, 2007, the *pro se* plaintiff, Donald Brown, initiated this case by filing a complaint under 42 U.S.C. § 1983. On May 15, 2007, the plaintiff was granted leave to proceed *in forma pauperis*. On July 16, 2008, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not appropriate at that time. Accordingly, the clerk was directed to issue a twenty (20) day summons for each defendant.

On August 8, 2008, the defendants filed their First Motion to Dismiss, or in the alternative, for Summary Judgment. On August 11, 2008, a Roseboro Notice was issued. As of today's date, the plaintiff has made no response.

### II. The Pleadings

**A. The Complaint**

In the complaint, the plaintiff asserts that on August 30, 2006, he was a pretrial detainee at the

1

Northern Regional Jail and was subjected to the use of excessive force by the defendants through the use of pepper spray. In addition, the plaintiff alleges that the water was shut off to his cell, and he was forced to use water from a toilet in an effort to wash off the pepper spray. As relief, the plaintiff seeks nominal damages in the amount of one dollar and punitive damages in the amount of $40,000. In addition, the plaintiff appears to ask this Court to take action against the defendants Spencer and Midcap to remove them from their positions of authority.

### B. The Defendants' Answer

In their answer to the complaint, these defendants assert that the plaintiff's complaint should be dismissed because:

1. The plaintiff was not subjected to cruel and unusual punishment; and

2. The plaintiff's claims are barred under the doctrines of qualified or official immunity.

### III. Standard of Review

### A. Motion to Dismiss

In ruling on a motion to dismiss the Court must accept as true all well-pleaded factual allegations. Walker v. True, 399 F.3d 315 (4th Cir. 2005). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 4506 (1957). Additionally, a district court should construe *pro se* petitions liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (emphasizing the liberal construction rule for *pro se* complaints raising civil rights issues).

### B. Summary Judgment

Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. V. Catrett, 477 U.S. 317, 322-23 (1986). The court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. liberty lobby, Inc., 477 U.S. 242, 248 *1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but...must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248. To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson at 248. Summary judgment is proper only

3

"[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita at 587 (citation omitted).

## IV. Analysis

The Eighth Amendment prohibits "the unnecessary and wanton infliction of pain" which constitutes cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312 (1986). The use of excessive force may constitute cruel and unusual punishment. Hudson v. McMillian, 503 U.S. 1 (1992). An excessive force case has two prongs an objective prong and a subjective prong. Under the objective prong, the plaintiff must establish that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Norman v. Taylor, 25 F.3d 1259, 1262 (4th Cir.1994) (en banc), *cert. denied*, 513 U.S. 1114 (1995)(quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). Subjectively, the plaintiff must show that the "prison officials maliciously and sadistically used force to cause harm." Hudson, 503 U.S. at 9; Williams v. Benjamin, 77 F. 3d 756, 761 (4th Cir. 1996).

According to the Fourth Circuit Court of Appeals, "absent the most extraordinary circumstances" an individual who suffers only *de minimis* injuries cannot prevail on an Eighth Amendment excessive force claim. Riley v. Dorton, 115 F.3d 1159 (4th Cir.)(en banc), *cert. denied*, 522 U.S. 1030 (1997); Norman , 25 F.3d at 1263.[1] The Fourth Circuit Court of Appeals has further

---

[1] In both Riley and Norman, the Fourth Circuit Court of Appeals found that both the plaintiff's injuries and force used were *de minimis*. In Norman, a jail officer began swinging his cell keys in the direction of the prisoner's face when the prisoner became disruptive. The prisoner asserted that he put his hands up to cover his face, and the keys hit his right thumb causing his right hand to swell. The Court ruled that the prisoner sustained *de minimis* injuries proving that *de minimis* force was used. In Riley, the pre-trial detainee complained that he feared for his safety after the defendant police detective placed the tip of a pen in his nose and threatened to rip it open, and slapped the prisoner on the face. The Court of Appeals extended Norman to pre-trial detainees and held that Riley sustained *de minimis* injuries, thus demonstrating the defendant used only *de minimis* force.

determined that a *de minimis* injury reveals that *de minimis* force was used. Norman, 25 F.3d at 1262. "The Eighth Amendments prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Hudson, 503 U.S. at 9-10. However, if the force used is "repugnant to the conscience of mankind," i.e., "diabolic" or inhuman physical punishment, a prisoner can prevail on an excessive force claim even if the injuries sustained are *de minimis.* Norman, 25 F.3d at 1263.

The exhibits submitted by the defendants establish that on the date in question, the plaintiff had fashioned an item to scratch the glass on his door and was destroying his light fixture. When staff discovered that he was destroying state property, they contacted Spencer for instructions. He directed Midcap to strip search the plaintiff to determine if he had a weapon, or other item that was used to scratch the door and damage the light. When officers entered the plaintiff's cell, he lunged toward Midcap and attempted to strike him. Midcap utilized O.C.[2] and sprayed the plaintiff in the facial area. The plaintiff was immediately restrained. (Doc. 24-6).

Contrary to plaintiff's assertion that he was forced to use toilet water to wash the pepper spray off, the defendants' exhibits demonstrate that he was taken to the shower for decontamination.(Doc. 24-7, p. 5). The plaintiff was then escorted to medical for evaluation. There, the plaintiff continued to behave in an unusual and disruptive manner by lying on the floor and kicking the walls. No injury to the plaintiff or staff was noted. (Doc. 24-4, p. 1).

Regional Jail Policy and Procedure 9031 authorizes the use of force in the following

---

[2]O.C. stands for Oleoresin Capsicum and is the technical term for pepper spray. (Doc. 24-7, p. 6).

situations: (1) in self-defense, (2) in defense of a third person; (3) to enforce institutional regulations; (4) to prevent the commission of a crime; and (5) to prevent the destruction of property. (Doc. 24-8, p. 3). The undersigned finds that the plaintiff's behavior, as set forth in the exhibits, created an apparent need to control his actions.

Therefore, the question remains whether the amount of force used by the correctional officers was reasonable and necessary under the circumstances to control the plaintiff's behavior. <u>Graham vs. Connor</u>, 490 U.S. 386 (1989). The West Virginia Regional Jail and Correctional Facility Authority has a series of guidelines concerning the amount of force which may be utilized by its officers. The use of force available to regional jail officers range from an officer's presence and verbal commands to the use of deadly force. It is clear from the sequence of events, that the mere presence of officers and verbal commands were ineffective in controlling the plaintiff's behavior. (Doc. 24-8). As documented by the defendants exhibits, the plaintiff has a long history of destruction of property and escape attempts. (Doc. 24-5). Given those facts, and the plaintiff's behavior on the day in question, it is clear that the amount of force used by the correctional officers was both reasonable and necessary. Furthermore, the undersigned finds that a minimal level of force was used to control the plaintiff's behavior.

It is clear from the exhibits submitted by the defendants, that the force utilized to control the plaintiff was done so in a good faith effort to maintain a safe and orderly control of the facility and was not used maliciously and sadistically with the intent of causing harm. Furthermore, as previously noted, the plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis.* Here, the plaintiff suffered no injury, as demonstrated by the defendants exhibits.

6

## V.  RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the defendants' First Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Doc. 24) be **GRANTED**, and the plaintiff's complaint (Doc. 1) be **DISMISSED WITH PREJUDICE.**

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.  In addition, the clerk is directed to send a copy to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: September 26, 2008

        /s/ James E. Seibert
        JAMES E. SEIBERT
        UNITED STATES MAGISTRATE JUDGE